**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4780**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN CARMELLO MIRABILE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Benson Everett Legg, Chief District Judge.
(CR-03-374-L)

———————

Submitted:  July 11, 2007            Decided:  July 20, 2007

———————

Before WILKINSON and KING, Circuit Judges, and WILKINS, Senior
Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Howard L. Cardin, CARDIN & GITOMER, P.A., Baltimore, Maryland, for
Appellant.  Rod J. Rosenstein, United States Attorney, Martin J.
Clarke, Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Mirabile pled guilty to one count of conspiracy to distribute a controlled substance, 21 U.S.C. § 846 (2000), and was sentenced to eighty-seven months imprisonment. Mirabile appeals, claiming that the sentence imposed violates the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). The Government asserts that Mirabile waived his right to appeal the sentence by executing a valid and enforceable plea agreement containing a waiver of appellate rights. We agree and dismiss the appeal for that reason.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005); United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (determining whether a waiver is knowing and intelligent by examining the background, experience, and conduct of the defendant). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir.), cert. denied, 126 S.Ct. 461 (2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Blick, 408 F.3d at 168.

We find that, based on our review of the record, the district court fully complied with the requirements of Rule 11 during the plea colloquy and that Mirabile's waiver of appellate rights was knowing and intelligent. Moreover, a plea agreement's appellate waiver accepted prior to <u>Booker</u> is not invalidated by the <u>Booker</u> decision. <u>Blick</u>, 408 F.3d at 170-73; <u>see also</u> <u>Johnson</u>, 410 F.3d at 150-55.

We therefore dismiss Mirabile's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>